```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


KATHLEEN MCCABE,                  :    CIVIL ACTION
                                  :
          Petitioner,             :    NO. 04-5384
                                  :
     v.                           :
                                  :
COMMONWEALTH OF                   :
PENNSYLVANIA, et al.,             :
                                  :
          Respondents.            :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                March 14, 2006

      Before the Court is Kathleen Joyce McCabe's <u>pro</u> <u>se</u> Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254.  Pursuant to local rule, the petition was referred to a Magistrate Judge for Report and Recommendation.  On April 1, 2005, Magistrate Judge Arnold C. Rapoport issued a Report and Recommendation recommending that the petition be dismissed without prejudice for Petitioner's failure to exhaust her available state court remedies.  Because the Court finds that Petitioner's claims are procedurally defaulted, and, therefore, she has no available state remedies, the Court will disapprove the Report and Recommendation.  Instead, the Court will grant Petitioner 30 days to supplement her petition by pointing to facts that demonstrate cause and prejudice, or a fundamental miscarriage of justice.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On December 2, 2003, before the Honorable Linda K. M. Ludgate of the Court of Common Pleas for Berks County, Petitioner plead guilty to third degree murder, robbery, and conspiracy to commit robbery, and was sentenced that day to twenty-five to sixty years imprisonment.  The conviction resulted from Petitioner's participation in the beating death and robbery of a man raised with Petitioner.

On December 10, 2003, Petitioner filed a pro se petition for relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541, et seq., alleging the ineffectiveness of her trial counsel, John T. Adams, and requesting the Court permit the withdrawal of her guilty plea. On December 11, 2003, Mr. Adams, on the behalf of Petitioner, filed a motion to modify her sentence.  The PCRA court, presided over by Judge Ludgate, then appointed new counsel to represent Petitioner at a joint post-sentence Motion to Modify and PCRA petition hearing scheduled for February 2, 2004.  This hearing was continued until March 15, 2004, and both claims were denied on April 22, 2004.  Petitioner did not appeal either of these denials.[1]

Petitioner filed the instant petition for writ of

---

[1] Because Petitioner had thirty days to file an appeal to the denial of her motion to modify sentence, her conviction became final on May 22, 2004.

2

habeas corpus under 28 U.S.C. § 2254 on November 18, 2004.  The claims in the petition are: (1) Petitioner did not understand the nature of the charge against her and neither her lawyer nor the judge explained the charge to her; (2) her lawyer did not file an appeal of the denial of the PCRA petition or the motion to modify sentence; and (3) Petitioner's right to appeal to a higher court was violated in that she was framed for the death of the victim in this case.  On February 9, 2005, the matter was referred to Magistrate Judge Arnold C. Rapoport for Report and Recommendation in accordance with the Court's procedures.

On April 1, 2005, Magistrate Judge Rapoport issued a Report and Recommendation recommending dismissal without prejudice of the instant petition for the failure to exhaust her available state court remedies.  Although Petitioner did not file formal objections to the Report and Recommendation, she sent a letter to the Court on January 5, 2006, with her version of events.  Because Petitioner is pro se, the Court will deem the letter to be the equivalent of objections to the Report and Recommendation.

II.  LEGAL STANDARD

When a habeas petition has been referred to a magistrate judge, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." 28 U.S.C. § 636(b). The Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

III. DISCUSSION

    A.    <u>The Pennsylvania Post-Conviction Relief Act</u>

    The Pennsylvania Post-Conviction Relief Act (PCRA) provides for "an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa. C.S. § 9542. The PCRA is the exclusive means in Pennsylvania by which defendants may obtain collateral relief. Id.

    To be eligible under the PCRA, a petition must be filed within one year of the conclusion of direct review, or at the expiration of the time period for seeking such review. 42 Pa. C.S. § 9545. The statute recognizes three exceptions to this time limitation:

> i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

>   (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
>   (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa. C.S.A. § 9545(b)(1).  The Supreme Court of Pennsylvania has found that the PCRA's time limitations are jurisdictional, meaning they "go to a court's right or competency to adjudicate a controversy." Commonwealth v. Cruz, 578 Pa. 325, 335 (Pa. 2004) ("the time for filing a PCRA petition can be extended only to the extent that the PCRA permits it to be extended, i.e., by operation of one of the statutorily enumerated exceptions to the PCRA time-bar"); Commonwealth v. Fahy, 737 A.2d 214, 222 (Pa. 1999).  For this reason, a court may only grant an extension to the time limitation pursuant to the statutory exceptions; equitable tolling may not be applied to petitions brought under the PCRA.  Id.

B.  Exhaustion of State Remedies

The doctrine of exhaustion requires a state prisoner asserting federal habeas claims to allow the state courts to act on her claims before presenting them to a federal court. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). In order to exhaust her claims, a petitioner must present every claim in her habeas petition for every available level of state court review. Lambert v. Blackwell, 387 F.3d 210, 232 (3d Cir. 2004).[2] The petitioner bears the burden of showing state court remedies have been exhausted. Toulsen v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).

If a habeas petition is mixed, that is, it contains both exhausted and unexhausted claims, a federal court may stay the petition and hold it in abeyance until the unexhausted claims have been exhausted. Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005). This procedure, as of the date of this memorandum, has largely been confined to mixed petitions. Petitions containing only unexhausted claims must be dismissed without prejudice so that the petitioner can exhaust her claims in state court and then return to federal court.

If, however, state law "clearly foreclose[s] state

---

[2] A petitioner in Pennsylvania need not seek review from the Pennsylvania Supreme Court in order to exhaust her state remedies. Lambert, 387 F.3d at 233-34. An appeal must be made to the Superior Court, however.

court review of unexhausted claims," the claims are considered to be procedurally defaulted.  Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); Holman v. Gillis, 58 F. Supp.2d 587, 592 (E.D.Pa. 1999) (Robreno, J.).  Exhaustion is not possible, and sending the claims back to state court would therefore be futile.

    C.    Procedural Default

If a petitioner's claims have been procedurally defaulted, a federal court cannot review these claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Coleman v. Thompson, 501 U.S. 722, 750 (1991).

In order to satisfy the cause and prejudice requirement, courts have held that cause exists when a petitioner "demonstrate[s] some objective factor external to the defense that prevented compliance with the state's procedural requirements."  Cristin v. Brennan, 281 F.3d 404, 412 (3d Cir. 1992) (quoting Coleman, 501 U.S. at 753).  The cause must be "'something that cannot fairly be attributed to' the petitioner." Johnson v. Klem, 2004 WL 1175575, at *2 (E.D.Pa. 2004) (quoting Coleman, 501 U.S. at 753).  Prejudice means that "the alleged error 'worked to [petitioner's] actual and substantial disadvantage.'"  United States v. Rodriguez, 153 F. Supp.2d 590,

594 (E.D.Pa. 2001) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).[3]

To show a fundamental miscarriage of justice will occur if the claims are not reviewed, a petitioner must present new evidence that he is actually innocent of the crime for which he has been convicted.  See Cristin, 281 F.3d at 412.

D. Application to the Instant Case

Petitioner makes three claims in her habeas petition: (1) She did not understand the nature of the charge against her and neither the lawyer nor the judge explained the charge to her; (2) her lawyer did not file the requested appeal from the denial of her initial PCRA petition; and (3) her lawyer did not file the requested appeal from the denial of her motion to modify her sentence.

Petitioner did not exhaust her claims in state court – no state appellate court heard her ineffectiveness of counsel claim as stated in her PCRA petition, nor her claims regarding

---

[3] Frady defined prejudice in the context of a petitioner who alleged his trial had contained error, explaining that petitioner must "shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." 456 U.S. at 170.  Courts have applied this prejudice standard in situations where petitioner is challenging a guilty plea as well. See, e.g., Mutope v. Folino, 2005 WL 3132315 (M.D.Pa. 2005); Salcedo v. United States, 2005 WL 2654083 (D.N.J. 2005).

counsel's failure to file an appeal.

Petitioner's motion to modify her sentence and initial PCRA petition were denied on April 22, 2004. Petitioner did not appeal either of these denials, and her conviction therefore became final on May 22, 2004. Because of the PCRA's one-year time limitation, Petitioner would have had to return to state court to exhaust her state remedies before May 22, 2005.

The Pennsylvania Supreme Court "consistently and regularly appl[ies] the PCRA one-year statute of limitations to bar untimely filed PCRA petitions." Holman, 58 F. Supp.2d at 597; Commonwealth v. Abu-Jamal, 833 A.2d 719, 732 n.5 (Pa. 2003) (court has consistently and regularly applied time limitations on the basis that the limitations are jurisdictional). Therefore, unless one or more of the PCRA's statutory exceptions apply, it is most likely that Petitioner's claims are procedurally defaulted.[4]

---

[4] Here, Petitioner filed her federal habeas petition within one year of her conviction, and accordingly, did not address the subject of timeliness. The Petition, however, has remained pending in this Court well past the one-year mark when Petitioner could have returned to state court to complete the exhaustion of her state remedies. For this reason, the Court has independently analyzed Petitioner's claims for the purpose of determining whether these claims are procedurally defaulted, although the PCRA calls for the petitioner to allege and prove that exceptions to the time limitations apply. 42 Pa. C.S.A. § 9545(b)(1).

In addition, the Court notes that this case presents a situation in which the requirement that all state remedies be exhausted before a federal court can hear a habeas claim, and the one-year statute of limitations imposed by the Antiterrorism and

---

Effective Death Penalty Act of 1996 (AEDPA) interact in a troubling manner.

Petitioner's timely filed petition for writ of habeas corpus under 28 U.S.C. § 2254, has remained pending in this Court past AEDPA's limitation period.  Ms. McCabe failed to exhaust her claims in the state courts and the Court here finds her claims to be procedurally defaulted.  However, were the Court to find that there was the potential that the Pennsylvania state courts would hear Petitioner's claims, it would be required to dismiss the petition in order for Petitioner to exhaust her state remedies.  Notwithstanding a dismissal without prejudice, the result would in fact be to foreclose Petitioner's federal review even in the event she was successful in exhausting her claims in state court because AEDPA's time limitation has run.

The United States Supreme Court recently addressed a similar issue in Rhines v. Weber, and sanctioned the use of a stay and abeyance procedure for mixed petitions, that is, petitions with both exhausted and unexhausted claims.  544 U.S. 269, 125 S.Ct. 1528 (2005).  Rhines and the cases following its direction, however, have confined the stay and abeyance procedure to mixed petitions, whereas the petition before the Court today contains only unexhausted claims.

In Duncan v. Walker, 533 U.S. 167 (2001), Justice Stevens, in concurrence, recognized this problem, and suggested equitable tolling as a solution: "[A] federal court might very well conclude that tolling is appropriate based on the reasonable belief that Congress could not have intended to bar habeas review for petitioners who invoke the court's jurisdiction within the 1-year interval prescribed by AEDPA," but "whose timely filed petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted."  533 U.S. at 184.  This procedure has been adopted by the Second and Sixth Circuits, but disapproved by the First.  See Hargrove v. Brigano, 300 F.3d 717 (6th Cir. 2002); Rodriguez v. Bennett, 303 F.3d 435, (2d Cir. 2002).  But see Delaney III v. Matesanz, 264 F.3d 7, 14 (1st Cir. 2001) (equitable tolling should only be applied in exceptional circumstances).  The Third Circuit has not spoken on the issue, but counsels that equitable tolling may only be used in extraordinary circumstances.  See, e.g., Fahy v. Horn, 240 F.3d 239, 245 (3d Cir. 2001).

In Rhines, the Supreme Court explained that the interplay between AEDPA's one-year time limitation and the total exhaustion requirement was causing petitioners with "mixed" petitions to "run the risk of forever losing their opportunity for any federal review of their unexhausted claims."  125 S.Ct. at 1533.  The

10

1.  Petitioner's guilty plea

Petitioner states that she believes that neither Judge Ludgate nor her lawyer, Mr. Adams, explained the consequences of her guilty plea.  She also states that she wants to take the case to trial.  This claim was reflected in her PCRA petition, which was not presented for any state appellate review.

This claim appears to be a combination of a desire to withdraw her guilty plea and an allegation of ineffective assistance of counsel by her trial lawyer.[5]  Claims of ineffective assistance of counsel "do not automatically qualify pursuant to the exceptions to the one-year time limitation provided in [the PCRA]."  Commonwealth v. Pursell, 749 A.2d 911, 915 (Pa. 2000).  Petitioner makes no allegations from which the Court can conclude one of the specific exceptions to the PCRA's time limitation applies.

First, there are no facts to show that petitioner did

---

same reasoning applies to petitioners with petitions containing only unexhausted claims.  As stated above, the Court need not reach the problem in this case, as Petitioner's claims are procedurally defaulted, but notes the procedural circularity into which such petitions may easily fall.

[5] To allow the withdrawal of a guilty plea after sentencing, "there must be a showing of prejudice that results in a manifest injustice to the defendant."  Commonwealth v. McClendon, 589 A.2d 706, 707 (Pa. Super. 1991).  The defendant has the burden of proving her plea was entered involuntarily or without knowledge of the charge in order to show manifest injustice.  Id.

not raise this claim because of the interference of government officials.  The term "government officials" does not include defense counsel.  <u>Pursell</u>, 749 A.2d at 916.  Second, it is clear that the facts alleged were not unknown to Petitioner - she actually filed a <u>pro se</u> PCRA petition alleging ineffective assistance of counsel and the coercion of her guilty plea.  It is her failure to exhaust that petition that has caused the default.  And finally, there is no assertion here of a newly recognized constitutional right.

   Petitioner's claim that her guilty plea was made without the requisite understanding, and that her counsel was ineffective is procedurally defaulted for the purpose of review by this Court.

   2.   <u>Failure to file requested appeals</u>

   Plaintiff also claims that her lawyer did not appeal the denial of her motion to modify her sentence and her initial PCRA petition, although she requested such appeals, and that she was thereby denied the right to appeal.  Petitioner's initial PCRA petition was filed <u>pro se</u>, but her motion to modify her sentence was filed with the assistance of counsel, Mr. John J. Grenko.  Petitioner filed her PCRA petition on December 10, 2003, eight days after her guilty plea and sentencing, and her motion to modify sentence on December 11, 2003.  Mr. Grenko represented Petitioner at a hearing for both motions, before Judge Ludgate,

on March 15, 2004. Petitioner challenges Mr. Grenko's failure to file appeals to the denials of both motions.

### i. PCRA petition

Petitioner challenges Mr. Grenko's failure to appeal the denial of her PCRA petition.[6] This claim was never presented for appellate review to the Pennsylvania state courts. It is procedurally defaulted in that none of the exceptions to the PCRA apply.

Additionally, and critically, the Court could not grant relief to Petitioner on this claim. Petitioner does not have a constitutional right to appointed counsel for collateral review. See, e.g., Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). "[A] claim of ineffective assistance of PCRA counsel is not cognizable in a federal habeas corpus petition because the right to effective assistance of PCRA counsel exists pursuant to state law, and is not mandated by the Constitution or laws or treaties of the United States." Holman, 58 F. Supp.2d 587 at 597. Petitioner alleges that Mr. Grenko failed to appeal the denial of her PCRA petition. However, such a claim of ineffectiveness is not one for which the Court may grant habeas relief.

### ii. Motion to modify sentence

Defendant moved for a modification of her sentence,

---

[6] This petition was filed pro se but argued by Mr. Grenko.

<␊␊␊␊␊<␊<␊␊<␊<␊<␊<␊<␊<<␊<␊<<␊<␊<<␊<<␊<<<␊<<<<<<<<<<<<<<<<<<<<<<<

pursuant to Pennsylvania Rule of Criminal Procedure 720, on December 11, 2003.  The motion was based on the following grounds: (1) the probation office had not yet prepared a pre-sentence investigation report; (2) counsel did not adequately prepare for sentencing because defendant had not informed counsel she was willing to accept a plea; (3) the sentence was excessive because Judge Ludgate imposed a sentence within the aggravated range of the Pennsylvania Sentencing Guidelines for Count 8, conspiracy to commit robbery; and (4) the sentence was excessive because Judge Ludgate imposed a consecutive sentence on defendant for Count 6, robbery, and Count 3, murder.  Defendant argued that the Judge did not place sufficient reasons on the record to justify a sentence within the aggravated range, or to justify the imposition of consecutive sentences.

Defendant's motion to modify her sentence was denied on April 23, 2004.  Defendant asserts that she requested her attorney, Mr. Grenko, appeal the denial of this motion.  This assertion is supported by a May 2, 2004 letter from Petitioner to the Clerk of Courts of Berks County, Pennsylvania, in which she expressed the desire to appeal the denial, indicated that she had contacted her attorney, but was unsure of how to go about the appeal. (App. A114.)  There is no indication that she received a response.  No appeal from the denial of Petitioner's motion to modify sentence was ever filed.

Petitioner's claim that she was denied the right to appeal the denial of her motion to modify her sentence has not been presented to any Pennsylvania state court, and the time period for such a motion has now passed.

The Pennsylvania Supreme Court has held that counsel's unjustified failure to file a direct appeal denies the accused her Sixth Amendment right to counsel, and, in such circumstances, prejudice is legally assumed. Commonwealth v. Lantzy, 736 A.2d 564, 571-72 (Pa. 1999). The remedy for the deprivation of the right to appeal is its restoration. Id. at 572-73. However, the Supreme Court of Pennsylvania has also held that because such a claim of ineffectiveness is only cognizable under the PCRA, the requirements of the PCRA, including its time limitations, must also be met. Commonwealth v. Hall, 771 A.2d 1232, 1236 (Pa. 2001) (untimeliness of petitioner's PCRA petition foreclosed the restoration of his direct appeal rights nunc pro tunc); Commonwealth v. Hanyon, 772 A.2d 1033, 1036 (Pa. Super. Ct. 2001) (appellant could not raise ineffectiveness of counsel for failing to file direct appeal because such a claim must be made pursuant to the PCRA, and such a petition would be untimely). In sum, a court may not reinstate a petitioner's direct appeal rights if the PCRA petition in which such a claim is contained is untimely.

Here, Petitioner requested her counsel, Mr. Grenko, file an appeal from the denial of her motion to modify her

sentence, and he failed to do so.  In order to have her direct appeal rights reinstated, such a claim would have to be brought pursuant to the PCRA, following Lantzy.  Because more than a year has passed since her conviction became final, a second PCRA petition filed now would be untimely.[7]  Hanyon, 772 A.2d at 1036 (direct appeal rights cannot be reinstated nunc pro tunc because the issue was not raised in a PCRA petition); Johnson v. Folino, 2005 WL 1787872, at *4 (E.D.Pa. 2005) (appellate rights can only be reinstated nunc pro tunc if filed in a timely PCRA petition).

      For the foregoing reasons, Petitioner has no state remedies available for her claim that her attorney failed to file a direct appeal, and this claim is procedurally defaulted.

    E.   Cause and Prejudice

      The Court finds that Petitioner's claims are unexhausted, but that state court review of these claims would be foreclosed.  The claims are therefore procedurally defaulted.

      Because the claims are procedurally defaulted, the Court may not consider the merits of the claims unless Petitioner demonstrates cause and prejudice or a fundamental miscarriage of justice.  The Court will provide Petitioner 30 days to make such a showing.

---

[7] None of the PCRA's statutory exceptions applies here: petitioner was not prevented from filing this claim due to interference from a government official, the facts on which this claim is based were known to her, and this is not a newly recognized constitutional right.  42 Pa. C.S.A. § 9545(b)(1).

As outlined above, Petitioner must show that some objective factor prevented her compliance with the state procedural requirement, and that this factor has worked to her actual and substantial disadvantage, or present new evidence that she is actually innocent of the crime for which she was convicted.[8]  See supra III.C.

An appropriate Order follows.

---

[8] As an initial matter, the Court notes that the fact that Petitioner's federal habeas petition was pending past the limitations period does not constitute cause to excuse Petitioner's state court procedural default for the purpose of federal review.  The time limitations of the PCRA are not tolled during federal habeas review.  Commonwealth v. Fahy, 737 A.2d 214, 222-23 (Pa. 2002).

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KATHLEEN MCCABE,                  :   CIVIL ACTION
                                  :
          Petitioner,             :   NO. 04-5384
                                  :
     v.                           :
                                  :
COMMONWEALTH OF                   :
PENNSYLVANIA, et al.,             :
                                  :
          Respondents.            :
```

O R D E R

**AND NOW,** this **14th** day of **March 2006,** upon consideration of Petitioner's Petition for Writ of Habeas Corpus (doc. no. 1), Respondents' Answer to the Petition for Writ of Habeas Corpus (doc. no. 5), and Magistrate Judge Rapoport's Report and Recommendation (doc. no. 7), it is hereby **ORDERED** that:

1. The Report and Recommendation (doc. no. 7) is **DISAPPROVED**;

2. Petitioner shall file a supplement to her petition pointing to facts that demonstrate cause and prejudice or a fundamental miscarriage of justice for her procedural default within 30 days of the date of this Order; and

3. Respondent shall reply to Petitioner's submission within 30 days after Petitioner's submission is filed.

**AND IT IS SO ORDERED.**

                              S/Eduardo C. Robreno
                         _____
                              **EDUARDO C. ROBRENO, J.**